UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVON ST. JOHN,

        Petitioner,                         **DECISION AND ORDER**

      v.

                                             6:23-CV-06381 EAW

CHRISTOPHER YEHL,

        Respondent.
_____

## INTRODUCTION

Petitioner Davon St. John ("Petitioner") filed the instant action on July 5, 2023, seeking a writ of habeas corpus. (Dkt. 1). Respondent Christopher Yehl ("Yehl") filed a response on December 21, 2023. (Dkt. 11; Dkt. 12). On January 16, 2024, Petitioner filed a letter motion to stay his petition because he "recently discovered new unaddressed evidence in [his] case and would like to bring forth a [New York Criminal Procedure Law ("N.Y.C.P.L.")] § 440.10 motion to the state court." (Dkt. 14).

For the reasons set forth below, Petitioner's motion to stay is denied without prejudice.

## DISCUSSION

Pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), where a petition for habeas corpus is "mixed" (*i.e.* it contains both exhausted and unexhausted claims), a district court may "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Id*. at 275-276. Such a stay is warranted only if (1) there was good cause for the petitioner's failure to exhaust

his claims first in state court and (2) the unexhausted claims are not plainly meritless. *Id*. at 277.

Petitioner's motion to stay his petition must be denied for two reasons. First, Petitioner's petition is not a "mixed petition" because it does not currently contain the unexhausted claim Petitioner now seeks to pursue in the state courts. "Accordingly, before the court can address petitioner's stay motion, petitioner must first move to amend his current petition pursuant to Federal Rule of Civil Procedure 15(a) to add the new, unexhausted claim. . . ." *Williams v. Sheahan*, No. 11-CV-2435 KAM, 2011 WL 2437496, at *1 (E.D.N.Y. June 15, 2011).

Second, Petitioner has not provided the Court with information sufficient to permit it to assess his unexhausted claim pursuant to the standards set forth in *Rhines*. *See Jackson v. Conway*, 550 F. Supp. 2d 382, 384 (W.D.N.Y. 2008) (denying motion to stay petition because "petitioner has made no attempt to demonstrate entitlement to a stay under any of the *Rhines* factors"). Without such information, the Court cannot determine whether it would be a proper exercise of discretion to utilize the stay-and-abeyance procedure described in *Rhines*.

Petitioner's motion to stay is accordingly denied without prejudice. Petitioner may file a motion for leave to amend the petition to add a new claim based on newly discovered evidence on or before September 20, 2024. Should Petitioner choose to make such a motion, he must address "(1) why leave to amend should be granted under Federal Rule of Civil Procedure 15(a); (2) whether his proposed amendment is timely in light of the one-year statute of limitations period for habeas petitions; and (3) if the proposed amendment is not timely, whether the proposed amendment relates back to his original petition." *Williams*, 2011 WL

2437496 at *1. Petitioner must attach to any motion for leave to amend "(1) a proposed amended petition that includes the claims raised in his current petition and the new claim he has yet to exhaust; (2) copies of the N.Y.C.P.L. § 440.10 motion briefs and any state court decision on that motion, if available; and (3) copies of any other state court motions filed by petitioner, seeking post-conviction or collateral review." *Id.* at *2.

Petitioner may also file a motion to stay his habeas petition concurrent with his motion for leave to amend. Such a motion should address the factors set forth in *Rhines*, specifically (1) whether there is good cause for Petitioner's failure to exhaust his claim prior to bringing his federal habeas petition and (2) whether the unexhausted claim is plainly meritless.

## **CONCLUSION**

For the foregoing reasons, Petitioner's motion to stay (Dkt. 14) is denied without prejudice. Petitioner may file a motion for leave to amend and a second motion to stay on or before September 20, 2024, subject to the guidelines set forth above. In the event Petitioner opts not to file such motions, he must file any written reply to Respondent's answer on or before September 20, 2024.

SO ORDERED.

                                               ELIZABETH A. WOLFORD
                                               Chief Judge
                                               United States District Court

Dated:       August 9, 2024
                Rochester, New York